UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-4634 |
| | § | |
| WILLBROS CONSTRUCTION (U.S.) LLC, *et* | § | |
| *al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Pending before the Court is the defendants', Willbros Construction (U.S.), LLC and Willbros USA, Inc. n/k/a Willbros United States Holdings, Inc., motion for partial summary judgment (Docket Entry No. 17).  The plaintiff, RLI Insurance Company, filed a response with an alternative motion to stay (Docket Entry No. 18).  The defendants filed a reply in support of their motion (Docket Entry No. 22), and a response to the plaintiff's motion to stay (Docket Entry No. 24).  The plaintiff then filed a motion for summary judgment (Docket Entry No. 29). After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants the defendants' motion and denies the plaintiff's motions.

**II.     Factual Background**

This case concerns whether a particular exclusion in an insurance policy precludes coverage of the value of line pipe that the defendants attempted to install under a river. The plaintiff issued a policy to the defendants that was in effect during all relevant times. On October 9, 2009, Fayetteville Express Pipeline, LLC ("FEP") retained the defendants to construct a natural gas pipeline ("the project").  The defendants subcontracted with Southeast Directional

Drilling, LLC ("SEDD") to drill the pipeline hole.  While SEDD was installing the line pipe by pulling it through a hole drilled underneath a river, the line pipe became lost and damaged.  A replacement hole was drilled, and the defendants purchased replacement line pipe. They submitted a claim under the policy for $1,567,530.09, to recover the cost of the replacement line pipe, which the plaintiff denied. The plaintiff filed suit in this Court on November 19, 2010, which has jurisdiction pursuant to 28 U.S.C. §§ 1332, 2201.

III.    **Contentions of the Parties**

    A.    **The Plaintiff's Contentions**

The plaintiff contends that the defendants' loss was caused by faulty construction or workmanship excluded from coverage by the "Defects, Errors, and Omissions" exclusion to the policy, because the hole through which the line pipe was to be installed was defectively drilled. It maintains that the "ensuing loss" provision does not extend coverage to the defendants' claim because there was no separate and independent "covered peril" beyond the faulty construction that caused the loss.  It seeks a declaratory judgment that it owes no coverage. Alternatively, it claims that if a distinction exists between the hole and the line pipe regarding coverage, the defendants' motion should be stayed pending further discovery.

    B.    **The Defendants' Contentions**

The defendants contend that the policy covers the line pipe's value, and that even if the hole was defectively drilled, the resulting damage to the line pipe is a covered loss that is not otherwise excluded. They have filed a counterclaim for breach of contract, and for violations of the Texas Insurance Code and Civil Practices and Remedies Code. Regarding the plaintiff's motion to stay, they claim that it failed to comply with Federal Rule of Civil Procedure 56(d), by not submitting an affidavit or declaration stating that it cannot present facts essential to oppose

the defendants' motion. They also claim that the plaintiff has failed to comply with this Section III(C) of this Court's procedures[1] because the plaintiff did not sign its request for postponement of trial.

## IV.   Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'"  *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)).  The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Little*, 37 F.3d at 1075 (internal

---

[1] *See* http://www.txs.uscourts.gov/district/judges/kmh/kmhp.pdf.

quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     Analysis and Discussion

The Court grants the defendants' motion for partial summary judgment and denies both of the plaintiff's motions. The issue is whether the line pipe constitutes "construction," as used

in the polemical policy provision.  Because "construction" is an ambiguous term that could have multiple reasonable meanings in the policy, the Court holds in the defendants' favor.

The policy extends coverage to "direct physical loss caused by a covered peril to materials, supplies, machinery, fixtures, and equipment that [the defendants] are installing, constructing, or rigging as part of [their] installation or construction project." However, exclusions in the policy act to deny coverage of certain claims, including the "Defects, Errors, and Omissions" exclusion, which provides:

> "We" do not pay for loss caused by:
> 1)      an act, defect, error, or omission (negligent or not) relating to:
>     a)      design or specifications;
>     b)      workmanship or construction; or
>     c)      repair, renovation, or remodeling; or
> 2)      a defect, weakness, inadequacy, fault, or unsoundness in materials.
> But if a defect, error, or omission described above results in a covered peril, "we"
> do cover the loss or damage caused by that covered peril.

In effect, the exclusion eliminates coverage for the repair or replacement of defective workmanship while preserving coverage for damage that results from that defective workmanship.  The exclusion protects the plaintiff from becoming the guarantor of the defendants' work, but it does not eliminate coverage for ensuing losses caused by defective workmanship – here, the damaged line pipe.

The parties dispute whether the lost or damaged line pipe is property covered by the policy, or "construction" excluded from coverage.  In cases involving ambiguous contract terms, the Court must "adopt the [interpretation] of an exclusionary clause urged by the insured as long as that [interpretation] is not unreasonable, even if the [interpretation] urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991) (citing *Glover v. Nat'l Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex. 1977)).

Accordingly, the Court finds that the line pipe is covered property.  Consequently, even if the hole was defectively drilled, the resulting damage to the line pipe is a covered loss of property separate and distinct from the allegedly defective hole.  *See Alton Ochsner Med. Found. v. Allendale Mut. Ins. Co.*, 219 F.3d 501, 505-06 (5th Cir. 2000) (discussing similar ensuing loss provisions in defective workmanship exclusions that preserve coverage for damage different in kind from the defective workmanship that caused it). To hold otherwise, as the plaintiff wishes, would effectively undermine the defendants' reason for buying insurance in the first place.

Next, the Court finds no basis for a stay.  In addition to the procedural defects apparent in the plaintiff's motion, it has not met its burden to show that the policy exclusion applies to the defendants' claim.  "In a suit to recover under an insurance . . . contract, the insurer . . . has the burden of proof as to any avoidance or affirmative defense that the Texas Rules of Civil Procedure require to be affirmatively pleaded."  Tex. Ins. Code Ann. § 554.002.  The non-binding and distinguishable cases cited by the plaintiff do not change this reality. Accordingly, the Court grants the defendants' motion for partial summary judgment and denies both of the plaintiff's motions.

## VI.   Conclusion

Based on the foregoing discussion, the Court GRANTS the defendants' motion for partial summary judgment, DENIES the plaintiff's motion to stay and DENIES the plaintiff's motion for summary judgment.[2]

SIGNED at Houston, Texas this 5th day of October, 2011.

_____
Kenneth M. Hoyt
United States District Judge

[2] The defendants did not move for summary judgment on their claims for damages and costs; accordingly, those monetary issues remain justiciable.